REYNOLDS et al. v. LILLY.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1901.)

No. 952.

APPEAL AND ERROR—BILL OF EXCEPTIONS—TIME—FAILURE TO EXECUTE—SCOPE OF REVIEW.

Where a bill of exceptions on appeal to the United States circuit court of appeals was presented to the trial judge for allowance and signature within the time as extended, but it was not signed, or its execution perfected, within the time, the only question that can be considered on an appeal is whether the complaint warranted the judgment rendered in favor of plaintiff.

In Error to the Circuit Court of the United States for the Northern District of Alabama.

Lee Cowart, for plaintiffs in error.

Wm. L. Martin, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. Section 4137, Code Ala. 1896, reads as follows:

"Any person who cuts down, deadens, girdles, or destroys, or takes away, if already cut down or fallen, any cypress, pecan, oak, pine, cedar, poplar, walnut, hickory, or wild-cherry tree, or sapling of that kind, on land not his own, willfully and knowingly, without the consent of the owner of the land, must pay to the owner ten dollars for every such tree or sapling; and for every other tree or sapling not hereinbefore described, so cut down, deadened, girdled, destroyed or taken away by any person, he must pay to the owner the sum of five dollars."

This action was commenced under the above statute by filing in the circuit court the following complaint:

"Geo. C. Lilly, Plaintiff, versus Henry C. Reynolds and William B. Reynolds, Dfts.

"The plaintiff, who is a citizen of the state of Tennessee, claims of the defendants, who are citizens of the state of Alabama, the sum of five thousand seven hundred and twenty-five dollars, for that the said defendants willfully and knowingly, and without the consent of the plaintiff, did cut down five hundred and sixty-nine oak, pine, and hickory trees, or saplings of that kind, and seven black gum and chestnut trees, or saplings of that kind, on the following described tracts of land, to wit: The S. E. quarter of the N. W. quarter, and the east half of the southwest quarter, and the west half of the southeast quarter, all in section 2, township 24, range 12 east, in Shelby county, Ala., which said lands, at the time said trees were so cut by the defendants, did not belong to the defendants, but belonged to the plaintiff."

The defendants were duly summoned on November 12, 1898, and on December 7, 1899, the cause came on to be heard before a jury, whereupon came the defendants in open court, and pleaded the general issue, and the further hearing of the cause was continued until Decem-

ber 8, 1898, on which day, on leave of the court, plaintiff was allowed to file an amendment to the complaint as follows:

"The plaintiff, by leave of the court, amends his complaint by adding thereto the following counts: (2) The said plaintiff claims of the said defendants the sum of five thousand seven hundred and twenty-five dollars, for that said defendants willfully and knowingly, and without the consent of the plaintiff, did cut down or carry away five hundred and sixty-nine oak, pine, and hickory trees or saplings, and seven black gums and chestnut trees, or saplings of that kind, on the land described in the original complaint, which said land, at the time said trees were so cut and carried away by the defendants, did not belong to the defendants, 'but belonged to the plaintiff. (3) The said plaintiff claims of the said defendants the sum of five thousand seven hundred and twenty-five dollars, for that said defendants willfully and knowingly, and without the consent of the plaintiff, did take away five hundred and sixty-nine oak, pine, and hickory trees, or saplings of that kind, and seven black gum and chestnut trees, or saplings of that kind, which had already been cut down or fallen on the land described in the original complaint in this cause, which said land, at the time said trees were so taken away by the defendants, did not belong to the defendants, but belonged to the plaintiff."

After filing this amendment, the defendants interposed the same plea,—the general issue. Thereupon came a jury, and, after listening to the testimony advanced, argument of counsel, and charge of the court, the jury returned a verdict in writing as follows: "We, the jury, find for the plaintiff, and assess his damages at $5,725;" whereupon the court rendered judgment against the defendants, Henry C. Reynolds and William B. Reynolds, in the sum of $5,725 and costs. On December 23, 1899, the defendants filed a motion for a new trial, based on some 19 different grounds, not necessary to recapitulate. The further hearing of the same was postponed until December 30, 1899, when the court entered an order as follows:

"It is ordered by the court, unless plaintiff enters a remittitur before the adjournment of this court for the present term, a new trial is granted in this cause."

On January 9, 1900, the following proceedings were had:

"Come the parties by attorneys, and the plaintiff, in order to prevent the granting of a new trial, consents in open court to a remittitur of four thousand two hundred and twenty-five dollars, the sum required by the court, from the amount heretofore on a former day of this term awarded him by a jury upon the hearing of a cause, and for which judgment was rendered; and further consents that a judgment of fifteen hundred dollars may be entered in his favor, instead of and in lieu of the amount so awarded by said verdict and judgment. Thereupon it is considered and adjudged by the court that defendants' motion for a new trial be, and the same is hereby, overruled, and that the plaintiff, Geo. C. Lilly, have and recover of the defendants, H. C. Reynolds and W. B. Reynolds, the sum of fifteen hundred dollars ($1,500), besides the costs in this behalf expended; for which let execution issue."

On January 17, 1900, the Honorable John Bruce, district judge of the Northern district of Alabama, allowed this writ of error, and at the same time entered an order extending the time for filing and presenting bill of exceptions to the trial judge 60 days, and thereafter, on March 14, 1900, again enlarged the time in which to present bill of exceptions to the trial judge to the 17th day of April, 1900.

It is within our knowledge, derived from proceedings in this court for a mandamus directed to the Honorable Aleck Boarman, district

judge for the Western district of Louisiana, who, under proper authority, held the circuit court of the United States for the Southern division of the Northern district of Alabama, and who was the judge who presided at the trial before the jury in this case, that, although an alleged bill of exceptions was presented to the trial judge for allowance and signature within the time extended by the Honorable John Bruce of the district, yet no bill of exceptions was signed nor perfected. On the record before us the only question that can be considered is whether the complaint, as amended, warranted the judgment finally rendered; and of this, considering the statute of Alabama hereinbefore quoted, there can be no doubt. The record shows no reversible error, and the judgment of the circuit court is affirmed.